**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **JANEAN DEL'ANDRAE,** | **Case No.  2:11-CR-126-DAK** |
| **Defendant.** | |

This matter is before the court on the Plaintiff United States of America's response to the court's Order to Show Cause as to Defendant Janean Del'Andrae. A hearing on the matter was held on January 6, 2016. At the hearing, Ms. Del'Andrae was represented by Max Wheeler and James Judd. The United States of America was represented by Scott Thorely and Christopher Strauss. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the matter. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

On July 10, 2012, Defendant Janean Del'Andrae pleaded guilty to one count of tax evasion. At issue was whether Defendant evaded taxes on her personal joint tax returns as well as on the tax returns of Del-Co Western Corporation ("Del-Co"). Defendant's husband is the

president and majority shareholder of Del-Co, and Defendant is the treasurer and secretary who is in charge of paying Del-Co's payroll taxes. At the proceeding on July 10, 2012, the court sentenced Defendant to 12-months' probation and imposed restitution in the amount of $136,509.50, along with any penalties and interest assigned by the Internal Revenue Service ("IRS"). The restitution was calculated to cover $49,845.37 in corporate taxes for Del-Co for 2004, $38,307.13 in corporate taxes for Del-Co for 2005, and $48,357.00 in personal income taxes for Defendant for 2005. The court did not apply an additional fine or court-ordered interest on the restitution owed.

On July 11, 2012, Judgment was entered as to Defendant. On that same day, Defendant wrote a check for $136,509.50, the total restitution amount, and tendered it to the clerk of court. The IRS received Defendant's restitution payment from the court on September 17, 2012.

An amendment to Internal Revenue Code § 6201(a)(4), effective for restitution ordered after August 16, 2010, gave the IRS authority to assess and collect criminal restitution payments for failure to pay taxes using the civil assessment procedures of Title 26. Although the amendment applied to restitution ordered after August 16, 2010, procedures for the assessment process were not officially developed until the Chief Counsel Notice 2013-12 was issued on July 31, 2013. Because Defendant was ordered to pay restitution after the effective date of the revised Internal Revenue Code § 6201(a)(4) but before procedures were issued, the IRS delayed applying the restitution payments to Defendant's tax accounts.

On September 12, 2014, the court issued an order granting Defendant's Motion to Enforce Plea Agreement. The order required the IRS to give credit to Defendant for restitution payments previously made. The court also instructed the IRS to credit Defendant's payments effective July 11, 2012.

Eventually, the IRS did assess the appropriate amount of taxes on Del-Co's 2004 and 2005 corporate taxes and on Defendant's 2005 personal income taxes. The IRS also applied Defendant's restitution payments to Del-Co's 2004 corporate taxes and to Defendant's 2005 personal income taxes with an effective date of July 11, 2012. The IRS cross-referenced Defendant's restitution payment to Del-Co's 2005 corporate taxes but left the taxes as a pending credit with an effective date of July 11, 2012 because Del-Co is currently in the process of appealing the IRS's proposed adjustments to Del-Co's 2005 corporate taxes. Because of the appeal, Del-Co's 2005 corporate taxes have not yet been assessed, and Del-Co's 2005 corporate tax account shows a zero balance. The IRS also assessed interest on the restitution payments for the period from the date that the 2004 and 2005 tax returns were due until July 11, 2012 when the Defendant made the restitution payments. The IRS did not follow the deficiency procedures for regular tax payments to assess the interest on Defendant's restitution payments.

In March 2015, Del-Co Western made a payment toward its 2013 estimated tax that included an overpayment of $65,917. The IRS levied the overpayment and applied it to Del-Co's 2004 corporate tax account to cover additional liabilities for that tax year. A portion of that overpayment ($25,538.07) was also cross-referenced to Defendant's 2004 personal tax account to cover the interest owed on the restitution payment for Del-Co's 2004 corporate tax.

Due to the confusion caused by the pending credit, the interest payments, and the application and cross-referencing of Del-Co's overpayment, Defendant filed a Motion for an Order to Show Cause on February 3, 2015. On May 27, 2015, the court issued an Order to Show Cause requiring the IRS to show cause within 60 days of the order as to:

1. Why it should not be sanctioned for refusing to allocate Defendant's restitution payments as ordered by the court,
2. Why it should not be estopped from changing the amounts of taxes owed by Defendant and Del-Co for 2004 and 2005 as agreed by the parties and by the court,

3. Why it has assessed taxes and interest in addition to the amounts agreed by the parties and by the court without issuing a "Notice of Deficiency,"
4. Why it has assessed interest for time delays caused by the IRS's own conduct and lack of due diligence, and
5. Why it has denied the existence of Defendant's restitution payment and levied $65,917 from Del-Co's estimated tax payments.

The United States responded to the court's Order to Show Cause, the Defendant submitted a response, and the United States submitted a reply.

## DISCUSSION

The main issues that led Defendant to file a Motion for an Order to Show Cause can be grouped into the following categories: (1) the IRS's compliance with court orders, (2) the IRS's procedures for assessing Defendant's restitution payments and interest, and (3) the IRS's application of a levy against Del-Co to Defendant's tax account.

## IRS COMPLIANCE WITH COURT ORDERS

The Defendant argues that the IRS has repeatedly failed to comply with the Plea Agreement and subsequent court orders. Although the IRS admits that its application of Defendant's restitution payments was delayed while IRS procedures for such payments were being developed and issued, the IRS argues that it has now complied in all respects with court orders in this case. The remaining question at issue is whether the $38,307.13 that Defendant paid as restitution for Del-Co's 2005 corporate taxes has been properly applied to Del-Co's 2005 corporate tax account when it is still listed as a pending credit on that account. Because the "applied to" language comes from the court's order, the resolution of the issue depends on the definition that the court gives to that language.

In most cases, the court would not consider a pending credit to be sufficient to qualify as being applied to a tax account, especially when the IRS calculated the amount of tax due on that account when determining the proper amount for the restitution payment as it did in this case.

4

However, based on the description of IRS procedures provided to the court by the United States in this case, it appears that a pending credit cannot be automatically applied to a tax account with a zero balance without triggering an automatic refund. Del-Co's 2005 corporate tax account currently has a zero balance because Del-Co is in the process of appealing the IRS's proposed adjustments to Del-Co's 2005 corporate taxes, and refunding Defendant's restitution payment would defeat the purposes of the restitution payment. Therefore, because of the limitations produced by these existing IRS procedures, the court will not order the IRS to apply the restitution payment to the tax account at this time. But once the amount of tax owed by Del-Co for the 2005 tax year has been determined, the IRS must apply the full amount of the restitution to that tax account with an effective date of July 11, 2012.

**IRS PROCEDURES FOR ASSESSING RESTITUTION PAYMENTS AND INTEREST**

During the sentencing, the court and the parties anticipated that the IRS would assess interest and penalties on the Defendant's restitution payments. *See* Min. Entry, ECF No. 27, July 10, 2012 ("Restitution in the amount of $136,509.50 shall be paid to the IRS, along with any penalties and interest assigned by the IRS."). Defendant argues that the IRS should not be allowed to charge interest on the restitution payments prior to the date of the restitution order, and, if the IRS charges interest, it should be required to follow the regular deficiency procedures, including notice, in order to assess the interest against the Defendant. The United States argues that interest on restitution payments begins on the date that the tax was originally due and owing and that regular deficiency procedures do not apply to restitution payments or interest.

The Internal Revenue Code provides that the IRS "shall assess and collect the amount of restitution under [a restitution order] for failure to pay any tax imposed under this title in the same manner as if such amount were such tax." 26 U.S.C. § 6201(a)(4). The Internal Revenue

Code further provides that interest shall be paid on any tax that "is not paid on or before the last date prescribed for payment . . . for the period from such last date to the date paid." *Id.* at § 6601(a). The clarifications within the statute itself on the meaning of the "last date prescribed for payment" tie that date to the date tax returns are due for a particular year: March 15 for corporate returns and April 15 for personal returns. *See Id.* at § 6601(b). The statute does not provide a different date for taxes paid pursuant to restitution orders nor does the successful evasion of taxes change the date those taxes were prescribed for payment. *See In re Jara*, 2015 WL 542408 at *3 (Bankr. S.D. Tex. 2015).

In general, when the IRS determines that a taxpayer has a deficiency on the taxpayer's tax account, the IRS is required to follow deficiency procedures outlined in the Internal Revenue Code, which include notice, the process for redetermination of the deficiency amount, and other due process procedures. *See* 26 U.S.C. §§ 6211-6216. But the deficiency procedures do not apply to certain assessments from the IRS, including restitution-based assessments, s*ee* 26 U.S.C. §§ 6201(a)(4)(C) and 6213(b)(5), and interest, *see* 26 U.S.C. § 6601(e)(1).

In this case, the IRS has assessed interest on the restitution payments from the date that the taxes to which the restitution applied were originally due until the date that the Defendant made the restitution payment. Specifically, the IRS assessed interest on the Del-Co corporate restitution amounts from March 15, 2005 and March 15, 2006 until July 11, 2012 and on the Defendant's personal restitution amount from April 15, 2006 until July 11, 2012. No interest has accrued on Defendant's restitution payments after July 11, 2012. Although the IRS has assessed Defendant for the restitution payments and interest on those payments, the IRS has not sent notice to Defendant of those assessments as described in the IRS's deficiency procedures.

The court concludes that the IRS has correctly assessed the restitution payments and associated interest in accordance with the procedures outlined in the Internal Revenue Code. The IRS correctly calculated interest on the restitution payments from the date that the taxes to which the restitution applied were originally due, and the IRS was not required to follow the deficiency procedures with regard to the restitution-based assessments or the interest assessments.

## APPLICATION OF LEVY AGAINST DEL-CO TO DEFENDANT'S TAX ACCOUNT

Defendant argues that the IRS improperly levied a $65,917 overpayment from Del-Co and applied it to Defendant's individual tax account to pay for the interest assessment made against Defendant related to the restitution payment for Del-Co's tax deficiencies. The United States argues that it was proper to levy the overpayment and apply it to Defendant's tax account because Defendant and Del-Co are jointly and severally liable for the tax and related interest that Defendant evaded. The United States further argues that the joint and several liability arises because Defendant agreed to pay restitution for the loss caused by her evasion of Del-Co's taxes, but the United States does not cite to any authority to support its position on this point. The United States also argues that no money was actually taken from Del-Co's account but that the same money appeared on both tax accounts because the accounts are cross-referenced.

The court concludes that Defendant and Del-Co are not jointly and severally liable for the restitution payments and related interest associated with the sentence against Defendant and, therefore, it is improper for the IRS to use Del-Co overpayments to pay for Defendant's restitution liabilities. The restitution payments were part of Defendant's sentence for pleading guilty to tax evasion. Del-Co is not, and never was, a defendant in this case. The only liability for the restitution payments and the related interest rests with Defendant. In addition, Defendant and Del-Co are separate taxpayers. Defendant does not own interest in Del-Co and is not an officer

or a director of Del-Co. Therefore, no other legal justification exists for forcing Del-Co to pay the Defendant's restitution liabilities.

To the extent that that IRS has used a portion of the Del-Co overpayment to satisfy Defendant's restitution liabilities, that application of funds was improper and must be remedied. Any future application of Del-Co funds to cover Defendant's restitution liabilities would also be improper and inconsistent with the court's orders.

## COSTS AND ATTORNEY FEES

Because the IRS delayed the application of Defendant's restitution payments and may have improperly applied Del-Co's overpayment to Defendant's tax account, the Defendant incurred unnecessary costs in an effort to clarify the IRS's actions. Therefore, the court finds that sanctions of costs and attorney fees against the United States are appropriate. The court orders the Defendant to submit a motion for costs and attorney fees, with necessary supporting documentation, by February 16, 2016.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the IRS perform any actions necessary to comply with the court's orders as clarified in this Memorandum Decision and Order and that Defendant submit a motion for costs and attorney fees, with necessary supporting documentation, by February 16, 2016.

DATED this 14th day of January, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge