# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| vs. | |
| JANEAN DEL'ANDRAE, | Case No.  2:11-CR-126-DAK |
| Defendant. | |

This matter is before the court on the Defendant Janean Del'Andrae's Motion for Attorneys' Fees and on Plaintiff United States of America's Motion for Reconsideration of the court's Memorandum Decision and Order dated January 14, 2016. The motions have been fully briefed.[1] The court concludes that a hearing would not significantly aid its determination of the motions. Accordingly, the court issues the following Memorandum Decision and Order based on the written submissions of the parties and the law and facts relevant to the pending motions.

## BACKGROUND

On July 10, 2012, Defendant Janean Del'Andrae pleaded guilty to one count of tax evasion. At issue was whether Defendant evaded taxes on her personal joint tax returns as well as on the tax returns of Del-Co Western Corporation ("Del-Co"). Defendant's husband is the

---

[1] The United States has not submitted a reply to the Defendant's opposition to the Motion for Reconsideration. The time for submitting a reply has passed, so the court assumes the United States intentionally decided not to submit a reply.

president and majority shareholder of Del-Co, and Defendant is the treasurer and secretary who is in charge of paying Del-Co's payroll taxes. At the proceeding on July 10, 2012, the court sentenced Del'Andrae to 12-months' probation and imposed restitution in the amount of $136,509.50, along with any penalties and interest assigned by the Internal Revenue Service ("IRS"). The restitution was calculated to cover $49,845.37 in corporate taxes for Del-Co for 2004, $38,307.13 in corporate taxes for Del-Co for 2005, and $48,357.00 in personal income taxes for Del'Andrae for 2005. The court did not apply an additional fine or court-ordered interest on the restitution owed.

On July 11, 2012, Judgment was entered as to Del'Andrae. On that same day, Del'Andrae wrote a check for $136,509.50, the total calculated restitution amount, and tendered it to the clerk of court. The IRS received Del'Andrae's restitution payment from the court on September 17, 2012.

An amendment to Internal Revenue Code § 6201(a)(4), effective for restitution ordered after August 16, 2010, gave the IRS authority to assess and collect criminal restitution payments for failure to pay taxes using the civil assessment procedures of Title 26. Although the amendment applied to restitution ordered after August 16, 2010, procedures for the assessment process were not officially developed until the Chief Counsel Notice 2013-12 was issued on July 31, 2013. Because Del'Andrae was ordered to pay restitution after the effective date of the revised Internal Revenue Code § 6201(a)(4) but before procedures were issued, the IRS delayed applying the restitution payments to Del'Andrae's tax accounts.

On September 12, 2014, the court issued an order granting Del'Andrae's Motion to Enforce Plea Agreement. The order required the IRS to give credit to Del'Andrae for restitution

payments previously made. The court also instructed the IRS to credit Del'Andrae's payments effective July 11, 2012.

Eventually, the IRS did assess the appropriate amount of taxes on Del-Co's 2004 and 2005 corporate taxes and on Del'Andrae's 2005 personal income taxes. The IRS also applied Del'Andrae's restitution payments to Del-Co's 2004 corporate taxes and to Del'Andrae's 2005 personal income taxes with an effective date of July 11, 2012. The IRS cross-referenced Del'Andrae's restitution payment to Del-Co's 2005 corporate taxes but left the taxes as a pending credit with an effective date of July 11, 2012 because Del-Co is currently in the process of appealing the IRS's proposed adjustments to Del-Co's 2005 corporate taxes. Because of the appeal, Del-Co's 2005 corporate taxes have not yet been assessed, and Del-Co's 2005 corporate tax account shows a zero balance. The IRS also assessed interest on the restitution payments for the period from the date that the 2004 and 2005 tax returns were due until July 11, 2012 when Del'Andrae made the restitution payments. The IRS did not follow the deficiency procedures for regular tax payments to assess the interest on Del'Andrae's restitution payments.

In March 2015, Del-Co Western made a payment toward its 2013 estimated tax that included an overpayment of $65,917. The IRS levied the overpayment and applied it to Del-Co's 2004 corporate tax account to cover additional liabilities for that tax year. A portion of that overpayment ($25,538.07) was also cross-referenced to Del'Andrae's 2004 personal tax account to cover the interest owed on the restitution payment for Del-Co's 2004 corporate tax.

Due to the confusion caused by the pending credit, the interest payments, and the application and cross-referencing of Del-Co's overpayment, Defendant filed a Motion for an Order to Show Cause on February 3, 2015. On May 27, 2015, the court issued an Order to Show Cause. After each side responded to the court's Order to Show Cause and the court held a

hearing on the matter, the court issued a Memorandum Decision and Order on January 14, 2016. In its Memorandum Decision and Order, the court concluded that, despite the delay and remaining pending credit, the IRS had sufficiently applied the restitution payments to be in compliance with the court's orders; that the IRS correctly assessed the restitution payments and correctly calculated the interest on those payments; and that the IRS erred to the extent that it used a portion of the Del-Co overpayment to satisfy Del'Andrae's restitution liabilities. The court also found that sanctions of costs and attorney fees against the United States were appropriate "[b]ecause the IRS delayed the application of Defendant's restitution payments and may have improperly applied Del-Co's overpayment to Defendant's tax account." Mem. Decision and Order 8, Jan. 14, 2016, ECF No. 56.

In response to the court's Memorandum Decision and Order, Del'Andrae submitted a Motion for Attorneys' Fees. In response, the United States submitted an opposition to the motion and a separate Motion for Reconsideration of the court's order. Del'Andrae submitted a reply to the opposition and a response to the Motion for Reconsideration.

## DISCUSSION

The United States' opposition to the Motion for Attorneys' Fees and its Motion for Reconsideration are both based on two major arguments. First, the United States argues that the court lacks the power to order the United States to pay attorneys' fees. Second, the United States argues that the court should reconsider its ruling because the IRS properly credited Defendant's assessed restitution debt for 2004 because the application of Del-Co's overpayment properly reduced Del-Co's tax debt for that year. The court will address both of these arguments.

## ATTORNEY FEES AGAINST THE UNITED STATES

The general rule regarding requiring the United States to pay attorney fees is that, "[u]nless the United States has waived its sovereign immunity, the government is immune from actions for attorney's fees." *Adamson v. Bowen*, 855 F.2d 668, 670 (10th Cir. 1988) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983)). A waiver of federal sovereign immunity must be "unequivocally expressed" by Congress and "must be construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (internal quotation marks and citations omitted). Congressional waivers of sovereign immunity should be construed narrowly to avoid mistakenly imposing burdens on public funds that Congress did not authorize. *See OPM v. Richmond*, 496 U.S. 414, 424-34 (1990).

Congress has waived the sovereign immunity of the United States for purposes of attorney fees in at least three potentially relevant situations. Under the Hyde Amendment, the court in a criminal case "may award to a prevailing party, other than the United States, a reasonably attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith." Pub. L. No. 105-119, Title VI, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). Vexatious means "without reasonable or probable cause or excuse; harassing; annoying"; frivolous means "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful"; and bad faith means having a "[d]ishonesty of belief or purpose." *United States v. Lain*, 640 F.3d 1134, 1137-38 (10th Cir. 2011) (internal quotation marks and citations omitted). Under 26 U.S.C. § 7430, a "prevailing party" may be entitled to reasonable litigation costs "[i]n any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under" Title 26. 28

U.S.C. § 7430(a) (2012). However, a party shall not be considered the "prevailing party" if the position of the United States was "substantially justified." 28 U.S.C. § 7430(c)(4)(B) (2012). Finally, 28 U.S.C. § 2412(b) provides:

> [A] court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States . . . . The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (2012). This last provision is known as the Equal Access to Justice Act ("EAJA").

The court first notes that this proceeding is a criminal case in which Del'Andrae pleaded guilty to tax evasion. Although the current arguments between the parties are of a civil nature, that does not change the fact that the arguments have arisen in a criminal case. Because the standard requires Congress to unequivocally express its waiver of sovereign immunity, the court declines to apply statutes that by their terms only apply to civil cases to a criminal case. Therefore, the court concludes that neither 28 U.S.C. § 7430 nor the EAJA apply to this case.

On the other hand, the Hyde Amendment, by its terms, applies to criminal cases. Although it is unclear if Del'Andrae can be considered a prevailing party in this criminal case after pleading guilty and being sentenced to pay restitution, the court does not need to reach that issue because the court concludes that the position of the United States was not vexatious, frivolous, or in bad faith. Although the IRS's slow implementation of procedures for the civil assessment of criminal restitution payments and its questionable application of funds between taxpayer accounts led to some potentially unnecessary costs to Del'Andrae to clarify the IRS's actions, the IRS's actions did not rise to the level required under the Hyde Amendment for the United States to be subject to attorney fees. Although the actions may have been questionable

and frustrating, they had cause, legal merit, and an honest purpose and, therefore, were not vexatious, frivolous, or in bad faith.

### APPLICATION OF DEL-CO OVERPAYMENT TO DEL'ANDRAE'S TAX ACCOUNT

The United States argues that the court should reconsider its ruling that the IRS improperly applied Del-Co's tax overpayment to satisfy Del'Andrae's restitution liabilities. According to the United States, the Del-Co overpayment reduced Del-Co's tax debt for 2004, which required the IRS to give Del'Andrae a corresponding credit toward her assessed restitution debt because the restitution was initially calculated with reference to the Del-Co tax loss caused by Del'Andrae. The IRS argues that these actions were proper because they prevented the IRS from collecting interest due on Del-Co's 2004 corporate taxes twice.

The United States cites several cases in support of the proposition that victims are not entitled to collect more in restitution than their loss. *See, e.g.,* 18 U.S.C. § 3664(j)(2) (2012) ("Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim."); *United States v. Harris*, 7 F.3d 1537, 1539 (10th Cir. 1993) ("A sentencing court may not order restitution . . . in an amount greater than the total loss caused by a defendant's conduct."); *United States v. James*, 564 F.3d 1237, 1246 (10th Cir. 1993) ("[T]he purpose of restitution is not to punish defendants or provide a windfall for crime victims, but rather to ensure that victims, to the greatest extent possible, are made whole for their losses." (internal quotation marks and citation omitted)).

The court agrees with the United States that restitution payments should serve the purpose of making victims whole for their losses and that double recovery should not be allowed under an order of restitution. Double recovery is a concern when two parties are both liable for all or an overlapping portion of the same amount to cover the same loss. For example, this can

occur when both a restitution order and a civil judgment are entered to cover the same amount or when both a restitution order and compensatory damages are granted to cover the same loss. But this concern does not exist in this case because Del-Co and Del'Andrae are not both liable for the interest that accrued on the restitution payment; only Del'Andrae is liable for that interest amount.

As the taxpayer for the corporate account, Del-Co was originally liable for the full amount of its 2004 corporate tax debt. But when the court issued its restitution order against Del'Andrae for tax evasion, the portion of the liability for Del-Co's 2004 corporate tax debt that was attributable to the tax evasion shifted from Del-Co to Del'Andrae. Based on calculations by the United States, the court determined the amount of Del'Andrae's liability for Del-Co's 2004 corporate tax debt to be $49,845.37 along with any penalties and interest assigned by the IRS. The United States does not dispute that the amount of restitution was calculated correctly. On July 11, 2012, Del'Andrae paid the base amount, and the interest that accrued on that amount from the date the tax was due until the date of payment was calculated to be approximately $25,000. Del'Andrae remains liable for the approximately $25,000 in interest that accrued on Del'Andrae's portion of Del-Co's 2004 corporate tax debt. The liability for that portion of the 2004 corporate tax debt never shifted back to Del-Co and, therefore, remains with Del'Andrae.

What the United States is arguing is essentially that, through a 2013 overpayment, Del-Co paid the interest that accrued on Del'Andrae's restitution payment, which reduced Del'Andrae's liability and led the IRS to give Del'Andrae a corresponding credit. If Del-Co were jointly liable for the interest on the restitution payment, the potential for double recovery would have existed, and the IRS's actions would have been proper. However, as discussed above, Del-Co is no longer liable for the interest on the restitution payment, and an overpayment on taxes for

a different year does not change Del-Co's liability. Therefore, the IRS's application of the 2013 Del-Co overpayment to the interest on Del'Andrae's restitution payment was improper. Accordingly, the court declines to reconsider the portion of its order concluding that the IRS misapplied Del-Co's 2013 overpayment to the interest on Del'Andrae's restitution payment.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the United States' Motion for Reconsideration of the court's Memorandum Decision and Order dated January 14, 2016, is GRANTED in part and DENIED in part. The United States is no longer required to pay Del'Andrae's costs and attorney fees, but the court still concludes that the IRS misapplied the Del-Co overpayment to the interest on Del'Andrae's restitution payment. Accordingly, Del'Andrae's Motion for Attorney's Fees is DENIED as moot, and the IRS is ordered to correct the misapplied funds and hold Del'Andrae, and not Del-Co, liable for the interest on Del'Andrae's restitution payment.

DATED this 3rd day of May, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge